UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE L. SANDERS, JR, | ) | CASE NO. 5:14CR007 |
| | ) | CASE NO. 5:17CV356 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on the *pro se* motion of petitioner Willie L. Sanders, Jr. ("Sanders") to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 481 ["Mot."].) Respondent United States of America (the "government") opposes the motion (Doc. No. 490 ["Opp'n"]), and Sanders has filed a reply. (Doc. No. 496 ["Reply"].) For the reasons that follow, Sanders's motion is DENIED as time-barred.[1]

**I. BACKGROUND**

On January 9, 2014, the government returned a 17-count indictment, charging Sanders and 19 other individuals with participating in a drug conspiracy. (Doc. No. 1.) Pursuant to a plea agreement, on July 29, 2014, Sanders pled guilty to Count 1, as amended, charging conspiracy to distribute and to possess with intent to distribute more than 100 grams but less than one kilogram of heroin. (Doc. No. 248 (Plea Agreement).) On October 27, 2014, Sanders was sentenced to 188

---

[1] In connection with his motion to vacate, Sanders seeks the appointment of counsel. (Doc. No. 482.) There is no absolute right to be represented by counsel on habeas review. *Wright v. West*, 505 U.S. 277, 293, 112 S. Ct. 2482, 120 L. Ed. 3d 225 (1992). Further, given the fact that the motion to vacate does not raise particularly complicated issues and is clearly time-barred, the appointment of counsel would not be appropriate. Sanders's motion for counsel is DENIED.

months imprisonment. (Doc. No. 367 (Judgment).)

Sanders did not take a direct appeal. Instead, on February 21, 2017, more than two years after the Court entered its final judgment, Sanders filed the present motion. Sanders claims that, under *Mathis v. United States*, --U.S.--, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), he can no longer be classified as a career offender and, therefore, his judgment should be vacated and he should be resentenced without the career offender enhancement. (Mot. at 3451.[2]) Specifically, Sanders argues that, pursuant to the reasoning in *Mathis*, his prior convictions for trafficking in heroin and burglary no longer qualify as predicate acts under the Armed Career Criminal Act ("ACCA"). In its response brief, the government insists that the motion is time-barred and should be dismissed.

## II. SANDERS'S MOTION IS TIME-BARRED

Section 2255 petitions are the exclusive means by which a federal prisoner may collaterally attack a conviction or sentence alleged to be in violation of federal law. *See Davis v. United States,* 417 U.S. 333, 344-45, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974); *Cohen v. United States,* 593 F.2d 766, 770 (6th Cir. 1979). Motions brought pursuant to § 2255 are subject to a one-year statute of limitations, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When no direct appeal is taken by a federal criminal defendant, the judgment becomes final triggering the start of the one year statute of limitations upon expiration of the fourteen day period during which a defendant could have appealed. *See* Fed. R. App. P. 4(b)(1) ("In criminal cases, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: the entry of either the judgment or the order being appealed; or the filing of the government's notice of appeal.") (numerals omitted); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002) (finding that, where a movant does not pursue a direct appeal, his judgment becomes final "on the date on which the time for filing such appeal expired"). As set forth above, Sanders was sentenced on October 27, 2014. Since no appeal was taken, the one year period to file a § 2255 motion expired on November 10, 2015. Sanders, however, waited more than 2 years to file his motion. Accordingly, his motion is time-barred by statute under § 2255(f)(1) and must be dismissed unless he can make use of one of the other triggering events set forth in § 2255(f).

Sanders maintains that his motion "is timely filed under § 2255(f)(3)" because his claim "surrounds the Supreme Court['s] reasoning in *Mathis*[.]" (Mot. at 3448.) He argues that he timely filed the present motion within one year of the ruling in *Mathis*, which, he contends, announced a new right. (*See generally*, Reply.) The government disagrees, arguing that *Mathis* did not announce a new rule and, in fact, it is clear from the decision that the Supreme Court believed its conclusion was compelled by decades of precedent. (Opp'n at 3491, citing *Mathis*,

3

136 S. Ct. at 2247 [noting that "[f]or more than 25 years, our decisions have held that the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense"]; *id*. at 2251 [concluding that, "[u]nder our precedents," the admitted overbreadth of the Iowa burglary statute at issue "resolves this case"]; *id*. [prior case law "set out the essential rule governing ACCA cases more than a quarter century ago . . . That simple point became a mantra in our subsequent ACCA decisions"].).

In 2017, the Sixth Circuit resolved the question of whether *Mathis* announced a new right. In *In re Conzelmann*, 872 F.3d 375 (6th Cir. 2017), the petitioner sought leave to file a second or successive § 2255 motion. Citing *Mathis* and the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016),[3] the petitioner argued that he should not have been "classified as a career offender because his prior conviction for possessing chemicals to manufacture drugs no longer qualifies as a predicate conviction for career offender purposes." *Id*. at 376. The Sixth Circuit denied the request and, in doing so, joined other circuits that have held that *Mathis* "did not announce a new rule of constitutional law made retroactive by the Supreme Court." *Id*. at 376-77 (citing *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016); *United States v. Taylor*, 672 F. App'x 860, 862 (10th Cir. 2016)).

This Court is bound by the ruling in *Conzelmann* and finds that the Sixth Circuit's decision is dispositive on the question of timeliness. *See Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018) (relying on *Conzelmann* and finding that "*Mathis* involved an old rule of statutory law, not a new rule of constitutional law"). Because the Supreme Court did not announce a newly recognized right, Sanders cannot take advance of § 2255(f)(3) to rescue his

---

[3] Sanders also relies on the Fifth Circuit's decision in *Hinkle* in his motion. (*See* Mot. at 3451.)

untimely motion and it is subject to dismissal. *See, e.g., Snow v. United States*, No. 17-1538, 2017 WL 9324735, at *1 (6th Cir. Nov. 8, 2017) (affirming the district court's dismissal of petitioner's § 2255 motion as untimely, finding that "[t]he district court properly concluded that the Supreme Court did not announce a new rule of law in *Mathis*") (citing *Conzelmann*).

### III. CONCLUSION

For all of the foregoing reasons, Sanders's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED. Further, the Court CERTIFIES, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: February 25, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**