# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:14-cr-7-3 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| WILLIE L. SANDERS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On October 27, 2014, defendant Willie L. Sanders ("Sanders" or "defendant") was sentenced to a custody term of 188 months for conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(2)(B) and 846, to run concurrently with defendant's undischarged sentence imposed in N.D. Ohio Case No. 5:13-cr-347. (Doc. No. 367 (Judgment); *see* Minutes of Proceedings [non-document], 10/27/2014; *see also* Doc. No. 248 (Plea Agreement); Doc. No. 1 (Indictment).)

Sanders now seeks a compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 746 (Motion).) Appointed counsel filed a notice indicating that he did not intend to file a supplement to the motion. (Doc. No. 754 (Notice).) Plaintiff United States of America (the "government") has filed an opposition to the motion (Doc. No. 757 (Response)). For the reasons that follow, defendant's motion for a compassionate release is DENIED.

## I. BACKGROUND

On January 9, 2014, an indictment issued charging Sanders and nineteen other individuals with a conspiracy to traffic large quantities of heroin. (*See* Doc. No. 1.) On October 27, 2014, with

the benefit of a plea agreement, Sanders entered a plea of guilty to the first count of the indictment. (Minutes of Proceedings [non-document], 10/27/2014.) In sentencing Sanders as set forth above, the Court applied an enhancement under U.S.S.G. § 4B1.1, finding Sanders to be a career offender, based in part on his drug conspiracy conviction. (*See also* Doc. No. 343 (Final PSR) ¶ 5; Doc. No. 248 ¶ 14.)

On November 10, 2022, the Court denied Sanders' first motion for a compassionate release. In so ruling, the Court found that Sanders had failed to demonstrate the existence of extraordinary and compelling reasons justifying early release. After rejecting defendant's first argument that the Court erred in failing to credit him for time served in an undischarged federal sentence as "belied by the record[,]" the Court addressed defendant's second reason, that he would no longer qualify as a career offender based on recent changes to the sentencing laws. The Court held that "defendant's argument that he would no longer qualify as a career offender under U.S.S.G. § 4B1.1 if sentenced today has been recently determined by the Sixth Circuit to be insufficient to establish an extraordinary and compelling reason under 18 U.S.C. § 3582." (Order [non-document], 11/10/2022 (citing *United States v. McKinnie*, 24 F.4th 583, 587 (6th Cir. 2022).) Ultimately, the Court concluded that, even if defendant had established the existence of extraordinary and compelling reasons, the sentencing factors found in 18 U.S.C. § 3553(a) would not favor a reduction in the prison term. (*Id.*)

On November 14, 2023, Sanders filed his second motion for a compassionate release. (Doc. No. 746.) In his latest motion, he argues that "[i]f he were sentenced today[,] . . . his sentence

would be substantially less than his current sentence." (*Id.* at 1[1].) Again citing "recent changes in the law," Sanders maintains that his conspiracy conviction would no longer qualify as a predicate offense for career-offender status. (*Id.* at 3.) This circumstance, he maintains, qualifies as an extraordinary and compelling reason under the recently expanded policy statement applicable to compassionate release motions. (*See generally id.* at 1.)

## II. LAW AND DISCUSSION

The sentencing court has no inherent authority to reconsider and/or modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Instead, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)); *see United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute.") Under 18 U.S.C. § 3582(c), a court may only modify a term of imprisonment under the following circumstances: (1) upon a motion of the Director of the Bureau of Prisons ("BOP") or defendant for compassionate release; (2) as expressly permitted by statute or by Fed. R. Crim. P. 35; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(1)–(2).

Sanders does not seek relief under Rule 35, nor does he claim that he was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered. Instead, he

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

claims, for the second time, that he is entitled to a compassionate release. Under § 3582(c)(1)(A), a district court may grant a sentence reduction "only if it finds that the defendant satisfies three requirements: (1) 'extraordinary and compelling reasons warrant such a reduction'; (2) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the relevant § 3553(a) factors support the reduction." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting § 3582(c)(1)(A)(i); *United States v Elias*, 984 F.3d 516, 518 (6th Cir. 2021)); *see United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *See United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). Additionally, exhaustion of administrative remedies is a mandatory claims-processing rule that must be satisfied before a defendant may seek compassionate release. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (citations omitted).

The policy statement applicable to compassionate release motions, 18 U.S.C. § 1B1.13, was recently amended (effective November 1, 2023) and describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release. These categories are: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." 18 U.S.C. § 1B1.13(b).

There appears to be no dispute that Sanders has exhausted his administrative remedies. (Doc. No. 746, at 2; *see* Doc. No. 746-1 (Administrative Requests for Sentence Reduction).) The

Court, therefore, turns to a consideration of whether defendant has demonstrated the existence of extraordinary and compelling reasons identified in § 3582(c)(1)(A)(i), and discussed in detail in § 1B1.13(b), as amended. Sanders argues (once again) that if he were sentenced today, he would not qualify as a career offender and would receive a shorter sentence. (*See* Doc. No. 746, at 3.)

The government concedes the point. Specifically, the government notes that in 2019 the Sixth Circuit held that the definition of a controlled substance under the career offender guidelines (U.S.S.G. § 4B1.1) did not include attempt crimes. *See United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019). The court expanded the holding in *United States v. Butler* to include inchoate crimes like conspiracy. 812 F. App'x 311, 314–15 (6th Cir. 2020). Sanders, who was sentenced before the decisions in *Havis* and *Butler*, was deemed a career offender in part based on the instant drug conspiracy conviction, which would no longer qualify as a controlled substance offense under § 4B1.1. As such, the government agrees that, "if sentenced today, [Sanders] would not be subjected to the career offender enhancement." (Doc. No. 757, at 6.) Without the enhancement, his advisory sentencing range would be reduced from 188–235 months to 130–162 months. (*Id.*)

Relevant to the present compassionate release motion, subsection (6) of § 1B1.13, provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

5

§ 1B1.13(b)(6). Because he has served "nearly 10 years"[2] of his original sentence, Sanders argues the gross disparity between the sentence he received and the sentence he would have received had the change in the sentencing laws been available at the time of his sentencing establishes an extraordinary and compelling reason to support release. (*See* Doc. No. 746, at 6.)

The government disagrees, arguing that Sixth Circuit law is clear that non-retroactive changes in sentencing laws cannot establish extraordinary and compelling reasons for compassionate release. In fact, the government observes that the Sixth Circuit "addressed the precise" issue in *United States v. McKinnie*, 24 F.4th 583 (6th Cir. 2022). (Doc. No. 757, at 6.) In *McKinnie*, the Sixth Circuit rejected a pre-*Havis* defendant's motion to reduce his sentence on similar grounds, reasoning that "because *Havis* does not apply retroactively, a *Havis* error is not an extraordinary and compelling reason to modify an inmate's sentence under § 3582(c)(1)(A)(i)." *Id*. at 587; *see also United States v. McCall*, 56 F.4th 1048, 1065–66 (6th Cir. 2023) (holding that nonretroactive changes in sentencing law are not extraordinary and compelling reasons for a sentence reduction).

Yet, both *McKinnie* and *McCall* were issued before the Sentencing Commission amended § 1B1.13(b) to add an "unusually long sentence" as a possible basis for finding extraordinary and compelling reasons under the compassionate release statute. There is currently a debate among jurists as to whether the Sentencing Commission exceeded its authority by adopting § 1B1.13(b)(6) and whether such an amendment supersedes binding prior case law. *See United States v. Hicks*, No. 1:08-cr-45, 2024 WL 866715, at *2–3 (S.D. Ind. Feb. 29, 2024) (discussing a line of cases

---

[2] It appears that defendant has not yet served the 10 years necessary for application of § 1B1.13(b)(6). For this reason alone, Sanders is entitled to no relief. In an abundance of caution, however, the Court will proceed to the third prong of the compassionate release analysis.

6

that "can be read to hold that the statutory definition of 'extraordinary' does not extend to law changes, which means there is a question about whether the Sentencing Commission exceeded its authority when it added this item to the list of potentially extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i)" (collecting cases including *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021))); *United States v. Mann*, No. 6:04-cr-31, 2024 WL 666324, at *5 (E.D. Ky. Feb. 16, 2024) (noting "tension" of reconciling § 1B1.13(b)(6) with existing sentencing case law). But the Court need not wade into this debate because, as explained below, even if Sanders qualifies for consideration under § 1B1.13(b)(6), a reduction of the prison term would not be appropriate in light of the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing § 3553(a) and directing district courts to consider all relevant statutory factors).

When the Court revisited the § 3553(a) sentencing factors in connection with Sanders' first compassionate release motion in 2022, it found:

> Defendant, who is 36 years old, is currently serving a sentence for his involvement in a drug trafficking conspiracy for which he was personally responsible for bringing substantial quantities of heroin into the Akron, Ohio area. His drug-related offense was serious and inherently dangerous, and he was on community control for state drug trafficking crimes when he committed the federal offense in this case. Defendant also has an extensive criminal history that began when he was 17 years old, and included juvenile adjudications for assault and possession, and adult convictions for failure to comply with an order of an officer, having a weapon under a disability, burglary, domestic violence, and trafficking heroin. The nature and extent of his criminal history counsel strongly against granting the requested relief, and the fact that defendant was on community control when he committed the present offense demonstrates that he is unwilling or unable to conform his behavior. The Court has also considered defendant's programming, his release plan, and his unsupported claims that he has a favorable prison disciplinary record. After considering all of the factors, the Court finds that a reduction in sentence would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant.

> Based on these same facts, and as indicated previously, the Court also finds that Sanders poses a serious danger to the community. Further, to the extent that Sanders requests to be released and to serve a period of supervised release on home confinement, for the reasons already stated, Sanders is not an appropriate candidate for release under § 3582, even with conditions.

(Order [non-document], 11/10/2022.)

While Sanders has now documented the programming he has completed in prison and his clean disciplinary record (*see* Doc. No. 746–2),[3] little else has changed since 2022 to alter the Court's analysis. The nature and circumstances of the drug offense remain serious, and the trafficking of substantial amounts of heroin was certainly dangerous. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("To be sure, drug trafficking is a serious offense, that, in itself, poses a danger to the community." (citations omitted)). Sanders, himself, was responsible for importing between 400 and 700 grams of heroin from Arizona and Chicago in an effort to establish himself as a source for various Akron drug traffickers. (Doc. No. 248 ¶ 14.) His extensive criminal history, that began in 2003 and included multiple drug trafficking and weapons-related offenses, as well as numerous crimes of violence also concerns the Court. (*See* Doc. No. 343 ¶¶ 46–59.) None of the past sanctions have caused Sanders to refrain from engaging in dangerous criminal activity. The fact that he was on community control in state court for trafficking in two cases when he engaged in the drug conspiracy that led to his federal charges only serves to fortify the Court's belief that defendant remains unwilling to conform his behavior and would be unlikely to abide by any terms of early release.

The Court has considered Sanders' prison programming and his disciplinary record. But

---

[3] From his Individualized Needs Plan, it appears that defendant had a hearing in April 2023 on a charge of possessing a hazardous tool. (*Id.* at 1.) There is no documentation showing the resolution of this charge;, accordingly, the Court has not factored it into its analysis.

after considering all of the factors, the Court again determines that a reduction in sentence would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant. Based on these same facts, the Court also finds (once again) that defendant poses a danger to the community.

### III. CONCLUSION

For the foregoing reasons, defendant's motion for a compassionate release is DENIED.

**IT IS SO ORDERED**.

Dated: April 9, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**